UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-MC-60917-MARRA

Sherman L. Carr,

Plaintiff,

vs.

Bombardier Aerospace Corp.
D.B.A. Flexjet,

Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court upon Plaintiff's Motion (Complaint) for a Pure Bill of Discovery ("Motion" "Complaint"). (DE 1.) The Court has carefully considered the motion and is otherwise fully advised in the premises.

### I.

Plaintiff Sherman L. Carr ("Plaintiff"), proceeding *pro se*, brings this action for discovery against Bombardier Aerospace Corp. ("Defendant") to confirm his allegations of age discrimination. As a threshold matter, it must be determined whether this action was properly brought in federal court.

### II.

"It is by now axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of So. Ala. v. American Tobacco Co.*, 168

F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Subject-matter jurisdiction is a threshold inquiry that a court is required to consider before addressing the merits of any claim. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (raising federal jurisdiction issue *sua sponte*.) Accordingly, the Court's subject matter jurisdiction should be raised *sua sponte* at any point in the litigation where a doubt about jurisdiction arises. *see Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."). If a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

### III.

### A.

A pure bill of discovery is an equitable remedy under state law which serves "to obtain the disclosure of facts within the defendant's knowledge, or deeds or writings or other things in his custody, in aid of the prosecution or defense of an action pending or about to be commenced in some other court." *Mesia v. Fla. Agr. and Mechanical Univ. School of Law*, 605 F. Supp. 2d 1230, 1232 (M.D. Fla. 2009) (quoting *First Nat'l Bank v. Dade-Broward Co.*, 125 Fla. 594, 596, 171 So. 510, 510-11 (Fla. 1937)). As this is a state law cause of action, Plaintiff's Complaint contains no readily apparent federal question pursuant to 28 U.S.C. § 1331 providing this Court with jurisdiction.

However, Plaintiff notably claims that he anticipates bringing an action under 29 U.S.C. §§ 621-634 ("Age Discrimination in Employment Act" or "ADEA") (1967) once discovery is borne out. (Compl. ¶ 14.) Granting his request for a bill of discovery, Plaintiff contends, will

provide him with the information necessary to maintain his claim in potential litigation. (Compl. ¶ 16.) Essentially, Plaintiff asks that the Court allow him to confirm his allegations of discriminatory conduct which would therefore establish subject matter jurisdiction for a federal cause of action. Yet even if the Court assumes that Plaintiff's allegations are true, "the existence of a possible cause of action to be brought at some time in the future does not establish subject matter jurisdiction over the Petition for discovery." *Mesia*, 605 F. Supp. 2d at 1232. An action for a pure bill of discovery is separate and distinct from any subsequent action for relief based on the discovery, and, as such, a plaintiff must establish a basis for jurisdiction over the petition. *Id.* at 1232-33; *accord Stoller v. Nissan Motor Corp.*, 934 F. Supp. 423, 424 (S.D. Fla. 1996) (holding that federal court lacked subject matter jurisdiction over bill of discovery); *see also Sunbeam Television Corp. v. Columbia Broadcasting Inc.*, 694 F. Supp. 889, 895 (S.D. Fla. 1988) (finding that Florida has defined a subsequent action for relief based on discovery as distinct from a pure bill of discovery.). Thus, Plaintiff's possible future cause of action under the ADEA does not bring his present petition within this Court's jurisdiction.

**B.**

As Plaintiff's Complaint contains no cognizable federal question, all that remains is his request for a pure bill of discovery, a state law equitable remedy. Subject matter jurisdiction may only be invoked on claims of this type if the party invoking the jurisdiction of the federal court can show that the action is between citizens of different states and involves an amount in controversy in excess of $75,000. 28 U.S.C. § 1332. Plaintiff and Defendant appear to be diverse from each other in this case, but Plaintiff fails to allege any amount in controversy. Thus, as a threshold matter, the amount in controversy falls short of the $75,000 jurisdictional requirement and this Court therefore lacks subject matter jurisdiction.

### C.

It is also apparent, however, that no future amendment of the Complaint would sufficiently establish the necessary amount in controversy for Plaintiff's present cause of action. "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000). In other words, the value of Plaintiff's requested discovery would be the monetary value of the benefit that would flow to him if his petition was granted. *Id*.

"Although a diversity suit should not be dismissed unless it is apparent, to a legal certainty, that the plaintiff cannot recover the requisite amount in controversy, this liberal standard for jurisdictional pleading is not a license for conjecture." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000) (citations and quotations omitted). Federal courts are obligated to "scrupulously confine their own jurisdiction to the precise limits which the [statutory grant of diversity jurisdiction] has defined." *Id.* (quoting *Healy v. Ratta*, 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248 (1934)). Accordingly, this Court is required to insure that the benefits resulting from Plaintiff's requested discovery are not counted if they are so uncertain that the Court cannot reasonably determine whether the amount in controversy is met. *Morrison*, 228 F.3d at 1268-69; *see also Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Electronics, Inc.*, 120 F.3d 216, 221-22 (11th Cir. 1997) (holding that plaintiff failed to satisfy the amount in controversy requirement because he could not reduce the speculative benefit resulting from injunctive relief to a monetary standard.). Here, even if Plaintiff's motion for discovery is granted, attempting to place a monetary value on information garnered from discovery, whether fruitful or not, is pure speculation. Thus, as any pecuniary

benefit that Plaintiff could receive would be "too speculative and immeasurable to satisfy the amount in controversy requirement[,]" the Court finds that it lacks subject matter jurisdiction over this action. *Ericsson GE Mobile Communications, Inc.*, 120 F.3d at 221-22; *Stoller,* 934 F. Supp. at 424 (concluding that an action seeking a pure bill of discovery was incapable of being reduced to a pecuniary standard of value).

      Accordingly, it is hereby **ORDERED AND ADJUDGED** that this case is **DISMISSED WITHOUT LEAVE TO AMEND** for lack of subject matter jurisdiction. Allowing Plaintiff to file an amended complaint would be futile. Plaintiff will not be able to cure the jurisdictional defect by amending his complaint. The Clerk shall **CLOSE** this case.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 3rd day of June, 2010.

KENNETH A. MARRA  
United States District Judge